UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BARRY W. MATLOCK,

    Plaintiff,

    v.

DEANGELA LEWIS, et al.,

    Defendants.

CAUSE NO.: 3:19-CV-202-JD-MGG

OPINION AND ORDER

Barry W. Matlock, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Matlock alleges that he suffers from gastroesophageal reflux disorder and has taken famotidine for the condition since 2009. He also suffers from arthritis in his knees, and his new knee braces are inadequate. Around December 1, 2018, Jody Kupferberg and DeAngela Lewis discontinued his order for famotidine.

Matlock was instructed to buy it from the commissary, but he cannot afford to do so. On March 5, 2019, Matlock saw Kupferberg at the chronic care clinic. When he asked her about famotidine, she became angry and told him to buy it from the commissary. He then asked her about his knees, and she told him to leave her office. On his way back to the waiting room, Matlock stopped and knocked on Dr. Jackson's door. Matlock attempted to explain his medical concerns, but Dr. Jackson told him that this attempt was inappropriate and directed him to the waiting room. About forty-five minutes later, Dr. Jackson met with Kupferberg, who mentioned Matlock's medical grievances, and asked Officer McKinney to write Matlock up for insubordination.

On March 18, 2019, Matlock had severe pain in his right knee and could barely walk as a result. A nurse examined him, contacted Kupferberg by email, and then told Matlock that Kupferberg told her to refuse to treat Matlock and to direct Matlock to buy Tylenol from the commissary. He further states that he has written Warden Sevier regarding these issues to no avail. For his claims, Matlock seeks money damages and injunctive relief.

Matlock asserts an Eighth Amendment claim of deliberate indifference to serious medical needs against Kupferberg, Lewis, Jackson, and Sevier for forcing him to buy famotidine from the commissary and for refusing to address his knee braces. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*,

511 U.S. 825, 834 (1994). Matlock states a plausible Eighth Amendment claim of deliberate indifference against these defendants.

Matlock further asserts a First Amendment claim against Kupferberg, Dr. Jackson, and Officer McKinney for refusing to treat his knee and for writing him up for insubordination in retaliation for filing grievances about his medical issues. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Because the grievances related to medical issues and Kupferberg and Dr. Jackson mentioned these grievances during the chronic care visit, Matlock states a plausible First Amendment claim of retaliation against Kupferberg and Dr. Jackson. However, with respect to Officer McKinney, Matlock merely alleges that she is friends with Sergeant Porter and Sergeant Collier without any explanation as to how these individuals relate to his claims. As a result, Matlock cannot proceed against Officer McKinney.

Matlock also seeks injunctive relief in connection with his medical treatment. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Therefore, injunctive relief, if granted will be limited to requiring the

defendants to provide medical treatment as required by the Eighth Amendment. Sevier as the warden of the Westville Correctional Facility has both the authority and the responsibility to ensure that Matlock receives the medical treatment to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Matlock may proceed on an injunctive relief claim against Warden Sevier in his official capacity.

Finally, Matlock asserts a claim against Wexford of Indiana. A corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). The policy or custom must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). Because Matlock does not allege that a policy or custom was the moving force behind his inadequate medical treatment, he does not state a claim against Wexford of Indiana.

For these reasons, the court:

(1) GRANTS Barry W. Matlock leave to proceed on an Eighth Amendment claim of deliberate indifference to serious medical needs against Mark Sevier, Jody Kupferberg, DeAngela Lewis, and Dr. Jackson for forcing him to buy famotidine from the commissary and for refusing to address his knee braces;

(2) GRANTS Barry W. Matlock leave to proceed on a First Amendment claim against Jody Kupferberg and Dr. Jackson for refusing to treat his knee and for writing him up for insubordination in retaliation for filing medical grievances;

(3) GRANTS Barry W. Matlock leave to proceed on an injunctive relief claim against Mark Sevier in his official capacity to obtain treatment for his gastroesophageal reflux disease and arthritic knees as required by the Eighth Amendment;

(4) DISMISSES Officer McKinney and Wexford of Indiana;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Mark Sevier, Jody Kupferberg, DeAngela Lewis, and Dr. Jackson, at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Mark Sevier, Jody Kupferberg, DeAngela Lewis, and Dr. Jackson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Barry W. Matlock, has been granted leave to proceed in this screening order.

SO ORDERED on March 27, 2019

                                                  /s/ JON E. DEGUILIO
                                        JUDGE
                                        UNITED STATES DISTRICT COURT